UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03938-AH-(MBKx) | Date | September 17, 2026 |
| Title | *Kaori Sandhu et al v. Cardinal Health Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOTION FOR SUMMARY JUDGMENT**

The Standing Order issued in this case requires a joint brief for summary judgment motions: "The parties shall work cooperatively to submit a single Joint Brief, that is including moving and opposition papers, for any summary judgment motion." *See* Dkt. No. 16 at § 9(a). Among other things, "[t]he Joint Brief shall be accompanied by a single statement of undisputed and disputed facts contained in a JAF presented in a table" and a "joint appendix of evidence." *Id*. at § 9(g) and (h). Similarly, for any summary judgment motion, Local Rule 56-1 requires a "party filing a notice of motion for summary judgment or partial summary judgment must file a separate 'Statement of Uncontroverted Facts.'" The default under the Local Rules for motions requires a motion, including a "notice of motion," and "served and filed with the notice of motion: [a] brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely" and "[t]he evidence upon which the moving party will rely in support of the motion" to be filed 28 days prior to the hearing date, and any opposition to be filed 21 days prior to the hearing, thus providing at least one week for the opposing party to respond. *See* C.D. Cal. Local R. 6-1, 7-5, 7-9.

On September 16, 2026, Defendants filed a unilateral Motion for Summary Judgment, in violation of the Standing Order issued in this case. Dkt. No. **67**. Although the motion indicates that Plaintiffs have declined to participate in the Joint Brief, Defendants only appear to indicate that they provided a "complete draft of its motion on September 8, 2026." Dkt. No. 67 at n.1.[1] Defendants do not indicate in a declaration filed with the Motion for Summary Judgment that they provided a complete motion for summary judgment, including the statement of undisputed facts and evidence, at least one week prior to the due date for the Joint Brief. Although in a prior ex parte application and opposition, the parties disputed whether the complete motion needed to have been provided to Plaintiffs 28 days in advance of the filing deadline, Defendants do not explain why the default minimum of one week under the Local Rules was not complied with, or whether any time at all was provided for Plaintiffs to respond to the complete motion, including the statement of facts and evidence, prior to the filing deadline. Whether or not Defendants have sufficient cause to be confused about a minimum one week deadline to provide their portion of a joint brief,[2] they have provided no basis for the apparent position that the facts and evidence need not be provided at all before a joint brief filing deadline. If Defendants did not provide the facts and evidence prior to the filing deadline, it is unclear how a joint brief could even be possible. Moreover, to the extent Defendants did not provide the complete motion prior to the filing deadline, they have not provided sufficient good cause for their failure to do so, especially given that the Court expressly referenced the applicable local rules with sufficient time for Defendants to comply. *See* Dkt. No. 61.

Accordingly, Defendants are ordered to show cause regarding why the Court should not strike the motion for failing to comply with the applicable rules. Defendants shall file a response by September 21, 2026. Failure to timely or properly respond may result in the Court striking the motion.

**IT IS SO ORDERED.**

---

[1] Defendants do not provide any supplemental declaration but cite to a prior opposition. Dkt. No. 65-3. That declaration does not state that the entire motion for summary judgment, including the statement of undisputed facts and evidence, was provided to Plaintiffs prior to the filing deadline.

[2] Indeed, Defendants acknowledge the "procedural framework that ordinarily governs motion practice in this District," which "would afford … seven days between service of the moving papers and the opposition deadline." Dkt. No. 65 at 11.